IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:25-cr-00268-JAM |
| Plaintiff, | |
| v. | PROTECTIVE ORDER |
| ANTHONY SILVA, | |
| Defendant. | |

## I.    PROTECTIVE ORDER

The United States seeks a protective order governing the handling of certain discovery in this case.  ECF No. 16 (motion) & 16-1 (proposed protective order).  The Court heard argument on the matter on March 13, 2026.  At the hearing, Defendant proceeded in pro per and objected to the entry of a protective order.  The Court also heard from counsel for the United States and Defendant's standby counsel.  Finding good cause for the entry of a protective order concerning Personal Identifying Information and other confidential information, by finding that modifications of the United States' proposed protective order are necessary to ensure Defendant's ability to prepare for trial, the Court enters the following order.

### A.  **Protected Materials**

1.    This Order pertains to all discovery provided or made available to the defendant's

PROTECTIVE ORDER                               1

stand-by counsel in this case that is identified as subject to the Protective Order (hereafter, collectively "Protected Materials").

2.      For purposes of the Protective Order, the term "Personal Identifying Information" ("PII") includes any information within the definition of a "means of identification" under 18 U.S.C. § 1028(d)(7), other than names, or any information within the definition of an "access device" under 18 U.S.C. § 1029(e)(1).

3.      To the extent that notes are made that memorialize, in whole or in part, the PII in any Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected Materials, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

**B.  Defense Team**

4.      For purposes of this Order, the term "Defense Counsel" refers to the defendant's stand-by counsel.

5.      For purposes of this Order, the term "Defense Team" refers to (1) the defendant's stand-by counsel, (2) other attorneys at defense counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record or stand-by counsel providing assistance on this case.  The term "Defense Team" does not include defendant, the defendant's family, or other associates of the defendant.

6.      Stand-by counsel must provide a copy of this Order to all members of the Defense Team.

**C.  Disclosure of Protected Materials**

7.      No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than use in the above-captioned case. All Protected Materials shall be used solely for the purpose of conducting and preparing for pre-trial, post-trial, and appellate proceedings (both direct and collateral) and in this criminal action for no other purposes whatsoever and shall not be used for the economic or other benefit of the defendant, or any

PROTECTIVE ORDER                                    2

third party. Protected Materials may be disclosed only to the categories of persons and under the conditions described in this Order.

8.    The defendant may review Protected Materials in this case only in the presence of a member of the Defense Team, and his Defense Counsel shall ensure that the defendant is never left alone with any Protected Information. The defendant may not copy, keep, maintain, or otherwise possess any of such Protected Materials at any time. The defendant must return any Protected Materials to the Defense Team at the conclusion of any meeting at which the defendant reviews the Protected Materials. Defendant may not take any Protected Materials out of the room in which he is meeting with the Defense Team. Defendant may not write down or memorialize any PII contained in the Protected Materials. At the conclusion of any meeting with defendant, the member of the Defense Team present shall take with him or her all Protected Materials. At no time, under any circumstances, will any Protected Materials be left in the possession, custody, or control of the defendant, whether he is incarcerated, except as provided below in Paragraphs 12 and 23.

9.    If, during the pendency of the case, the defendant requests a copy of any Protected Materials, the defendant may request a copy of any Protected Material from the United States. If the defendant makes such a request, the United States shall act diligently to produce the requested material for the defendant and shall be responsible for redacting PII and means of identification information from any production. If the defendant makes such a request, the United States shall make periodic, rolling productions of requested documents so as to produce batches of documents to the defendant as soon as they are reasonably ready. If the United States produces redacted versions of Protected Materials to the defendant pursuant to this paragraph, Defense Counsel must provide the defendant a copy of this Order and advise the defendant that he is bound by the terms of this Order, including the restrictions on use of Protected Materials pursuant to Paragraph 10.[1]

---

[1] The United States' proposed protective order would have put the burden of redacting these documents on Defense Counsel and would have also provided that Defense Counsel "may not release custody of any of the following to the defendant: reports of witness statements, written witness statements, search warrant affidavits, and tax records." ECF No. 16-1 at 4. However, the Court does not find good cause to prohibit the defendant from receiving appropriately redacted versions of reports of witness statements, written witness statements, search warrant affidavits, and tax records. Moreover, these materials may be uniquely necessary for the defendant to assess and present pre-trial motions and defenses at trial.

PROTECTIVE ORDER            3

10.     The Defense Team may review Protected Materials with a witness or potential witness in this case, including the defendant, subject to the requirement above that a member of the Defense Team must be present if Protected Materials are being shown to the defendant.  Before being shown any portion of the Protected Materials, however, any witness or potential witness, including the defendant, must be informed of the existence of the Protective Order and given a copy of the Protective Order.  No witness or potential witness may retain Protected Materials, or any copy thereof, after his or her review of those materials with the Defense Team is complete.

11.     This Order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials to members of the United States Attorney's Office, law enforcement agencies, the Court, and defense.

12.     Defense Counsel shall advise the United States with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is considering disseminating any of the Protected Materials to a third party, in order that the United States may take action to resist or comply with such demands as it may deem appropriate.

D.     **Ensuring Security of Protected Materials**

13.     The Defense Team shall maintain the Protected Materials safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office, or otherwise secure facility where visitors are not left unescorted.

14.     A copy of the Protective Order must be stored with the discovery, in paper form and electronically.

15.     To the extent that Protected Materials, or any copies or reproductions thereof, are stored electronically, the Protected Materials will be stored on a password-protected or encrypted storage medium, including a password-protected computer, or device.  Encryption keys must be stored securely and not written on the storage media that they unlock.

16.     If a member of the Defense Team makes, or causes to be made, any further copies of any of the Protected Materials, Defense Counsel will ensure that the following notation is written,

PROTECTIVE ORDER                                    4

stamped or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS-SUBJECT TO PROTECTIVE ORDER." For example, if Defense Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked with the above notation.

### E.    Filings

17.    If a party needs to file Protected Materials containing PII, or materials otherwise identified as containing confidential information of victims, witnesses, or third parties with the Court, or disclose PII in court filings, the filing should be made under seal as provided for by the local rules. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact the PII or confidential materials and make all reasonable attempts to limit the divulging of PII or confidential materials.

### F.    Conclusion of Prosecution

18.    The provisions of this Order shall not terminate at the conclusion of this prosecution. All Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

19.    Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall return the Protected Materials to the government, or certify in writing that the Protected Materials have been destroyed. If any Protected Materials are used as defense exhibits, they shall be maintained with government exhibits so long as those are required to be maintained.

20.    If, upon final disposition of the case, the defendant requests a copy of any Protected Materials, the defendant may request a copy of any Protected Material from the United States. If the defendant makes such a request, the United States shall produce the requested material for the defendant and shall be responsible for redacting PII and means of identification information from any production.

PROTECTIVE ORDER                                      5

**G.     Termination or Substitution of Counsel**

21.     If there is a substitution of counsel before final disposition of the case, new counsel of record must join this Protective Order before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel.  New defense counsel then will become Defense Counsel for purposes of this Protective Order, and become the Defense Team's custodian of materials.  All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution.

**H.     Modification of Order**

22.     Nothing in this Order shall prevent any party from seeking modification to the Order or from objecting to discovery it otherwise believes to be improper.  Nothing in this Order shall prevent any party from seeking a more restrictive protective order regarding particular discovery items.

**I.     Violation of Order**

23.     Any person who willfully violates this Order may be held in contempt of court and maybe subject to monetary of other sanctions as deemed appropriate by the Court.  This provision does not expand or narrow the Court's contempt powers.

**J.     Redactions**

24.     Nothing in this Order shall prevent the United States from redacting personal identifying information or other confidential information in any of the protected discovery related to the identity of cooperators and informants.

**K.     Application of Laws**

25.     Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

/////

/////

/////

/////

PROTECTIVE ORDER                                6

26.    Nothing in this Order shall be construed to affect the application of and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

IT IS SO FOUND AND ORDERED this 16th day of March, 2026.

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

PROTECTIVE ORDER                                              7