UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  25-cr-0268 JAM |
| Plaintiff, | |
| v. | ORDER |
| ANTHONY SILVA, | |
| Defendant. | |

Defendant Anthony Silva, who proceeds pro se with the assistance of standby counsel, has submitted seven ex parte applications for subpoenas duces tecum under Fed. R. Crim P. 17(c). The proposed subpoenas and supporting memoranda are attached to this order.

I.      Ex Parte Status and Requests for Sealing

Defendant has submitted his requests ex parte and asks that they be maintained under seal. Rule 17(c) contemplates proceeding ex parte with such applications upon a showing that disclosure would necessarily reveal defense strategy.  See United States v. Tomison, 969 F. Supp. 587, 591 n.8 (E.D. Cal. 1997).  There is no need for such confidentiality, however, where the prosecution is already aware of the defense theory to which the requests relate.  See United States v. Smith, 2020 U.S. Dist. LEXIS 178388, 2020 WL 5763841, at *1 (E.D. Cal. Sept. 28, 2020); United States v. Rucks, 2022 U.S. Dist. LEXIS 140123, 2022 WL 3141880 (E.D. Cal. Aug. 5, 2022).

1

The requests at issue here are all related to defendant's theory, about which he has been quite publicly vocal, that Kalvin Morales and Maximo Guillermo (who, according to defendant, are responsible for at least a significant part of the criminal conduct with which he is charged) worked as confidential informants.  Defendant's belief that these individuals acted as informants, and his desire for evidence of their relationship with law enforcement, has been the subject of at least two motions.  See ECF No. 58 (Motion to Compel Production of Informants for Evidentiary Hearing and Trial); ECF No. 22 (Motion to Produce Grand Jury Transcripts) (referring to "informants Morales and Guillermo").  Defendant's memorandum in support of the proposed subpoena to the DEA further acknowledges that "Anthony Silva has previously filed a motion under *Giglio v. United States* to compel the Government's informant files concerning Kalvin Morales and Maximo Guillermo" and that "the Government has… filed an objection to producing Kalvin Morales and Maximo Guillermo at the 4-28-2026 motions hearing and the 5-4-2026 jury trial."  Because the government is thus well aware of defendant's desire to establish Morales and Guillermo's alleged informant status and their culpability, no confidential defense strategy is revealed by these requests.  Accordingly, the request for filing under seal is DENIED.

II.        Requests for Subpoenas Duces Tecum

Movant seeks subpoenas directed to five executive branch agencies or offices (the DEA, FBI, USPIS, Secret Service, and the U.S. Attorney's Office for the District of New Hampshire), as well as to the New Hampshire Department of State and to Citizens Bank, for any documents or materials that would provide evidentiary support for Mr. Silva's belief that Kalvin Morales and Maximo Guillermo worked as confidential informants.  Defendant seeks production on an expedited basis, within 72 hours of service.

Federal Rule of Criminal Procedure 17(c) requires a showing of relevancy, admissibility, and specificity to support the issuance of a subpoena duces tecum.  United States v. Nixon, 418 U.S. 683, 700 (1974); United States v. Komisaruk, 885 F.2d 490, 495 (9th Cir. 1989).  A Rule 17(c) subpoena is "not intended to provide a means of discovery for criminal cases."  United States v. George, 883 F.2d 1407, 1418 (9th Cir. 1989) (quoting United States v. Nixon, 418 U.S. at 698)).  Thus, there must be a substantial foundation for the movant's belief that the requested

2

material exists and will be relevant and admissible. United States v. Reed, 726 F.2d 570, 577 (9th Cir. 1984). To satisfy the specificity requirement, the movant must request specific documents or items and not entire categories of materials since Rule 17(c) was not intended to "allow a blind fishing expedition seeking unknown evidence." Id. (quoting United States v. McKey, 647 F.2d 898, 901 (1981)).

Defendant expressly acknowledges that he is "filing simultaneous subpoena duces tecum requests to multiple Government agencies because each individual agency was involved in the DNH case that originated the EDCA charges, and it is uncertain which Government agency employs Kalvin Morales and Maximo Guillermo." Memorandum in Support of SDT to DEA. In other words, defendant has no factual basis for a belief that any particular agency or entity has responsive materials. Defendant also acknowledges that discovery did not yield information related to the "informants." He does not explain, however, why the materials he now seeks via Rule 17 were not discoverable under Rule 16.[1] Rule 17 is not intended as a discovery tool or a means to bypass the discovery process. See Nixon, 418 U.S. at 698. Defendant does not explain why any of the federal agencies he seeks to serve are outside the scope of Rule 16 discoverability such that a third-party subpoena is necessary or appropriate.

As to all the Rule 17(c) requests, those directed to federal and to non-federal entities, the undersigned finds that defendant has not adequately demonstrated that the requested materials exist in the first place. Much of defendant's argument on this point appears to be speculative. Moreover, defendant has not identified with sufficient clarity and specificity the relevance and admissibility of the materials sought. It is perfectly clear that defendant believes generally that Morales and Guillermo were working as paid government informants and that this fact, together

---

[1] For Rule 16 purposes, the government is presumed to have possession, custody or control over investigative materials held by "closely connected investigative agencies." United States v. Bryan, 868 F.2d 1032, 1035-36 (9th Cir. 1989); see also United States v. Santiago, 46 F.3d 885, 893 (9th Cir. 1995); United States v. Cano, 934 F.3d 1002, 1023 (9th Cir. 2019). Accordingly, discovery requests may encompass materials held by federal – and, in limited circumstances – state law enforcement agencies. Defendant's Rule 17(c) requests do not enable the undersigned to determine the extent, if any, to which the desired documents were previously sought in discovery, or whether they were represented not to be within the government's possession, custody or control such that a third-party subpoena is necessary.

with the alleged cover-up of their involvement, demonstrates that his prosecution violates his rights.  But this theory does not explain how the information would be admissible at trial, and admissibility is not readily apparent.  While the many motions set to be heard by Judge Mendez on April 28, 2026,[2] allege various forms of governmental misconduct, defendant does not articulate relevance and admissibility as to any particular motion(s).

For all these reasons, the Rule 17(c) requests are inadequately supported.  The applications are accordingly DENIED.

DATED: April 17, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] ECF Nos. 60-68.

4