UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES,

        Plaintiff,

    v.

ANTHONY SILVA,

        Defendant.

Case No.  2:25-cv-0268-JAM-1

ORDER

Defendant Anthony Silva, proceeding pro se with the assistance of standby counsel Michael Long, has submitted five ex parte applications for subpoenas duces tecum under Federal Rule of Criminal Procedure 17(c) and twelve ex parte applications for witness subpoenas under Federal Rule of Criminal Procedure 17(b).[1]  For the reasons stated below, defendant's requests are denied.

**Background**

Defendant, charged with bank fraud and aggravated identify theft, has continued to seek subpoenas targeted at proving his theory that two alleged government confidential informants—Kalvin Morales and Maximo Guillermo—are partially responsible for his criminal charges.  *See* ECF No. 58.  He has also stated numerous times that this prosecution stems from his previous

---

[1] The proposed subpoenas and supporting memoranda are attached to this order.

1

prosecution in the District of New Hampshire.  The government, however, has denied that it has any information concerning these two individuals, that neither "played any role whatsoever leading to the charges in the indictment," and that they "are not currently contemplated as witnesses."  ECF No. 34.  Now before the court is defendant's request for seventeen subpoenas—to produce both documents and witnesses at an evidentiary hearing and trial—all seemingly related to the New Hampshire prosecution.

**Federal Rule of Criminal Procedure 17**

Federal Rule of Criminal Procedure 17 governs the issuance of subpoenas in criminal proceedings.  Rule 17(a) provides the process for obtaining subpoenas returnable at trial for defendants able to pay for subpoenas.  Fed. R. Crim. P. 17(a).  Rule 17(b) describes the procedure for defendants who are unable to pay the requisite witness fees and permits an ex parte application by a defendant requesting that the court issue a subpoena.  Rule 17(c) establishes the process for courts to issue subpoenas duces tecum for the production of evidence before trial.

**Ex Parte Request**

Judge Claire previously addressed where defendant's subpoenas should be maintained under seal.  ECF No. 72 at 1-2.  She found:

> Rule 17(c) contemplates proceeding ex parte with such applications upon a showing that disclosure would necessarily reveal defense strategy.  *See United States v. Tomison*, 969 F. Supp. 587, 591 n.8 (E.D. Cal. 1997).  There is no need for such confidentiality, however, where the prosecution is already aware of the defense theory to which the requests relate.  *See United States v. Smith*, 2020 U.S. Dist. LEXIS 178388, 2020 WL 5763841, at *1 (E.D. Cal. Sept. 28, 2020); *United States v. Rucks*, 2022 U.S. Dist. LEXIS 140123, 2022 WL 3141880 (E.D. Cal. Aug. 5, 2022).
>
> The requests at issue here are all related to defendant's theory, about which he has been quite publicly vocal, that Kalvin Morales and Maximo Guillermo (who, according to defendant, are responsible for at least a significant part of the criminal conduct with which he is charged) worked as confidential informants.  Defendant's belief that these individuals acted as informants, and his desire for evidence of their relationship with law enforcement, has been the subject of at least two motions.  *See* ECF No. 58 (Motion to Compel Production of Informants for Evidentiary Hearing and Trial); ECF No. 22 (Motion to Produce Grand Jury Transcripts) (referring to "informants Morales and Guillermo").  Defendant's memorandum in support of the proposed subpoena to the DEA further acknowledges that "Anthony Silva has previously

2

filed a motion under *Giglio v. United States* to compel the Government's informant files concerning Kalvin Morales and Maximo Guillermo" and that "the Government has. . . filed an objection to producing Kalvin Morales and Maximo Guillermo at the 4-28-2026 motions hearing and the 5-4-2026 jury trial." Because the government is thus well aware of defendant's desire to establish Morales and Guillermo's alleged informant status and their culpability, no confidential defense strategy is revealed by these requests.

*United States v. Silva*, 2:25-cv-0268-JAM, ECF No. 72 at 1-2 (Apr. 17, 2026 E.D. Cal.).

Defendant continues to seek information concerning Kalvin Morales and Maximo Guillermo, and the government has been made fully aware of his plan to do so. As there has been no change in the relevant posture since Judge Claire's order, the court denies the request for ex parte status and for sealing.

**Requests for Subpoenas Duces Tecum 17(c)**

Defendant seeks five subpoenas, directed at the Federal Bureau of Investigation, United States Attorney's Office, District of New Hampshire, United States Postal Invesigators Service, Vermont Department of Labor, and Citizens Bank. Defendant seeks production within 72 hours of service.

Judge Claire previously denied five similar duces tecum requests from defendant. ECF No. 72. She found that defendant had not shown that any of the entities had responsive materials or that the materials he sought were undiscoverable via Rule 16—and that he had failed to identify "with sufficient clarity and specificity the relevance and admissibility of the materials sought." *Id.* at 2-3. Defendant has seemingly renewed his request for those subpoenas, with the addition of a subpoena directed at the Vermont Department of Labor.

Rule 17 is not a discovery device. *United States v. Nixon*, 418 U.S. 683, 689 (1974); *see also United States v. LaRouche Campaign*, 841 F.2d 1176, 1179 (1st Cir. 1988); *United States v. Fletcher*, 461 F. Supp. 2d 1101, 1102 (D. Ariz. 2006) ("Subpoenas issued pursuant to Rule 17(c) are not discovery devices and may not be used to expand the scope of Rule 16."). Rule 17(c) may, however, be used to obtain evidentiary materials, with leave of court. *See Nixon*, 418 U.S. at 699-700; *Bowman Dairy Co. v. United States*, 341 U.S. 214, 219-20 (1951); *United States v. Beckford*, 964 F. Supp. 1010, 1021 n.10 (D. Va. 1997).

3

The party seeking pretrial production bears the burden of establishing relevancy, admissibility, and specificity. *Nixon*, 418 U.S. at 700. The burden is on the party seeking the subpoena "to show the evidentiary nature of the requested materials with appropriate specificity." *United States v. Skeddle*, 178 F.R.D. 167, 168 (N. D. Ohio 1996). Conclusory allegations of relevance and admissibility are insufficient to meet the moving party's burden. *United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981), *cert. denied*, 455 U.S. 949, 102 (1982); *United States v. Jackson*, 155 F.R.D. 664, 667 (D. Kan. 1994). In addition, even if the proponent makes showing of establishing relevancy, admissibility, and specificity, a court must also consider "whether the materials are 'otherwise procurable reasonably in advance of trial by exercise of due diligence,' whether the proponent can 'properly prepare for trial without such production and inspection in advance of trial,' and whether 'the failure to obtain such inspection may tend unreasonably to delay the trial.'" *United States v. Reyes*, 239 F.R.D. 591, 598 (N.D. Cal. 2006) (quoting *Nixon*, 418 U.S. at 699, 702); *see United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981).

It is not enough that the documents requested in a Rule 17(c) subpoena duces tecum may have some potential of relevance and evidentiary use. *United States v. Burger*, 773 F. Supp. 1419, 1425 (D. Kan. 1991). Rather, there must be a sufficient likelihood that the requested material is relevant to the offenses charged in the indictment, and the moving party must make a sufficient preliminary showing that the requested material contains admissible evidence regarding the offenses charged. *Nixon*, 418 U.S. at 700. The specificity requirement prevents a Rule 17(c) subpoena from being used as a "fishing expedition to see what may turn up." *Bowman Dairy Co.*, 341 U.S. at 221.

Defendant has failed to meet his burden. He has not made a sufficient showing that the discovery he seeks exists or that it will be admissible at trial. The government has repeatedly stated that it does not have information concerning these two individuals and it has not relied on them for defendant's prosecution. It appears that these subpoenas, targeted at information concerning the alleged confidential informants and the New Hampshire prosecution is more of an effort by defendant to "see what may turn up." *Bowman Dairy Co.*, 341 U.S. at 221.

4

Another stumbling block is that defendant has not sufficiently identified the relevance or admissibility of the materials sought.[2] *See Nixon*, 418 U.S. at 700.  Defendant has not articulated at a minimum how these materials will be admissible under the Federal Rules of Evidence.  *See United States v. Reed*, 726 F. 2d 570 (9th Cir. 1984) (finding that the trial court did not err in quashing the defendant's 17(c) subpoena because he "did not demonstrate that the reports would have been admissible under the limitations of Federal Rule of Evidence 803(8)(B)"); *United States v. Reyes*, 239 F.R.D. 591, 599 (N.D. Cal. 2006) (finding that the defendant's "requests do not satisfy the strictures of Rule 17(c)" because the subpoenas called for privileged matters) (citing 2 Federal Practice & Procedure § 275, at 258; *United States v. Tomison*, 969 F. Supp. 587, 597 (E.D. Cal. 1997)).

Neither can defendant overcome this hurdle by asserting that the evidence will be used for impeachment.  Rule 17(c) does not entitle him to the pre-trial production of impeachment material.  *Nixon*, 418 U.S. at 701 ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."); *United States v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981) ("The only evidentiary use that defendants have been able to advance is that the statements and transcribed interviews of witnesses could be used for impeachment purposes.  This use is generally insufficient to justify the pretrial production of documents . . . .") (citations omitted).

### Requests for Subpoenas 17(b)

Defendant seeks twelve subpoenas for witnesses to appear at an evidentiary hearing on April 28, 2026, and at trial on May 4, 2026.  The subpoenas are directed at attorney Amy Hitchcock; District of New Hampshire Assistant U.S. Attorneys Alexander Chen and John Kennedy; FBI Special Agent Brian O'Hara; General Counsel for the Vermont Department of Labor; investigators with Citizens Bank Scott Johnson and Joseph Bennett; U.S. Postal Inspector Service Agents Stephen Riggins and Byran Wilmot; Kalvin Morales; Maximo Guillermo; and

---

[2] This is not to say, however, that defendant might not be able to obtain this evidence another way.  "The discovery tools available to defendants in criminal cases are limited, and are to be found elsewhere in the Federal Rules of Criminal Procedure, not in Rule 17."  *United States v. Sanchez,* No. 05-443, slip. op. at 3 (E.D. Cal. Jan. 9, 2007).

Yolanda Guillermo.

Rule 17(b) describes the procedure for defendants to submit an ex parte application for a subpoena to compel a witness to appear at trial. Fed. R. Crim. P. 17(b). To obtain a Rule 17(b) subpoena, a party must show (1) "an inability to pay the witness's fees" and (2) "the necessity of the witness's presence for an adequate defense." *Id*. "A motion under Rule 17(b) is addressed to the sound discretion of the trial court, and a defendant does not have an absolute right to subpoena witnesses at government expense." *United States v. Sims*, 637 F.2d 625, 629 (9th Cir. 1980). "[C]ourts have found that under Rule 17(b)'s required showing of the 'necessity of the witness's presence for an adequate defense,' 'necessity' requires a showing that the witness's testimony would be 'relevant, material, and useful.'" *United States v. Sullivan*, No. 17-cr-0104 JMS-KJM, 2019 WL 7042092, at *1 n.1 (D. Haw. Dec. 20, 2019) (collecting cases).

Indeed, "a rule 17(b) motion . . . may be refused if untimely or if the defendant fails to allege the witnesses' testimony which, if true, would be relevant to any issue of the case." *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984), *overruled on other grounds by Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 290 F.3d 1058, 1066 (9th Cir. 2002). Accordingly, a court may exercise "its broad discretion in refusing to authorize [a] fishing expedition." *United States v. Callum*, 410 F.3d 571, 578 (9th Cir. 2005).

Defendant has not articulated a basis for finding that Kennedy, O'Hara, Bennett, Morales, Guillermo, Depper, Johnson, Riggins, Wilmot, and Guillermo are necessary witnesses for the presentation of an adequate defense. Defendant has suggested that each of these witnesses will provide testimony in connection with defendant's New Hampshire conviction. But even accepting defendant's representations about each witness's testimony as true, defendant has failed to establish a sufficient connection between his New Hampshire case and the present one. A court will direct subpoenas when a defendant demonstrates that the witness will testify to "relevant, material, and useful" information. *Sullivan*, 2019 WL 7042092, at *1 n.1. Defendant has failed to draw a sufficient connection between the two prosecutions.

The court concludes that defendant has failed to establish the necessity of the appearance of Chen, Kennedy, O'Hara, Bennett, Morales, Guillermo, Depper, Johnson, Riggins, Wilmot, and

Guillermo at trial for the presentation of an adequate defense as required under Rule 17(b). *See United States v. Pursley*, 577 F.3d 1204, 1230 (10th Cir. 2009); *see also United States v. Ponzo*, 733 F. App'x 353, 355 (9th Cir. 2018) ("Ponzo failed to carry his burden of showing the necessity of the deputy's testimony, particularly because he was able to provide his version of the relevant events in his sentencing papers and during sentencing.") (citing Fed. R. Crim. P 17(b)); *United States v. Smith*, 924 F.2d 889, 896 (9th Cir. 1991).

For all these reasons, defendant's Rule 17(b) and Rule 17(c) requests are inadequately supported and are DENIED.

IT IS SO ORDERED.

Dated:    April 27, 2026    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE