UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | Case No.  2:25-cv-0268-JAM-1 |
| Plaintiff, | |
| v. | ORDER |
| ANTHONY SILVA, | |
| Defendant. | |

Defendant Anthony Silva, proceeding pro se with the assistance of standby counsel Michael Long, has submitted an ex parte application for a witness subpoena under Federal Rule of Criminal Procedure 17(b).[1]  For the reasons stated below, defendant's request is denied.[2]

**Ex Parte Request**

Defendant asks that this request be filed ex parte.  However, as both the undersigned and Judge Claire have previously found, *see* ECF No. 72 & 118, defendant's subpoena requests center on his very public defense theory.  Indeed, the need for an ex parte request is ameliorated by the fact that the witness at issue here, Winnie Zeng, is listed on defendant's amended witness list. *See* ECF No. 133.  Accordingly, the court finds no reason to review this request ex parte.

---

[1] The proposed subpoena and supporting memorandum are attached to this order.
[2] The court previously denied 19 similarly situated requests from defendant.  ECF Nos. 117 & 118.

1

**Request for 17(b) Subpoena**

Rule 17(b) describes the procedure for defendants to submit an ex parte application for a subpoena to compel a witness to appear at trial.  Fed. R. Crim. P. 17(b).  To obtain a Rule 17(b) subpoena, a party must show (1) "an inability to pay the witness's fees" and (2) "the necessity of the witness's presence for an adequate defense."  *Id*.  "A motion under Rule 17(b) is addressed to the sound discretion of the trial court, and a defendant does not have an absolute right to subpoena witnesses at government expense."  *United States v. Sims*, 637 F.2d 625, 629 (9th Cir. 1980).  "[C]ourts have found that under Rule 17(b)'s required showing of the 'necessity of the witness's presence for an adequate defense,' 'necessity' requires a showing that the witness's testimony would be 'relevant, material, and useful.'"  *United States v. Sullivan*, No. 17-cr-0104 JMS-KJM, 2019 WL 7042092, at *1 n.1 (D. Haw. Dec. 20, 2019) (collecting cases).

Indeed, "a rule 17(b) motion . . . may be refused if untimely or if the defendant fails to allege the witnesses' testimony which, if true, would be relevant to any issue of the case."  *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984), *overruled on other grounds by Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 290 F.3d 1058, 1066 (9th Cir. 2002).  Accordingly, a court may exercise "its broad discretion in refusing to authorize [a] fishing expedition."  *United States v. Callum*, 410 F.3d 571, 578 (9th Cir. 2005).

Defendant seeks a subpoena for Winnie Zeng to appear at trial on May 4, 2026.  Zeng was defendant's landlord when he lived at 731 Mast Road in Manchester, New Hampshire, and according to him, she found various debit cards in his apartment that he anticipates the government will use in its case against him.  Defendant states that Zeng is not a credible witness and her testimony will materially damage the government's case.

Defendant has not articulated a basis for finding that Zeng is a necessary witness for the presentation of an adequate defense.  He has not demonstrated how the testimony of his former landlord, who allegedly found debit cards in his apartment, will provide "relevant, material, and useful" information.  *Sullivan*, 2019 WL 7042092, at *1 n.1; *see United States v. Pursley*, 577 F.3d 1204, 1230 (10th Cir. 2009); *see also United States v. Ponzo*, 733 F. App'x 353, 355 (9th Cir. 2018) ("Ponzo failed to carry his burden of showing the necessity of the deputy's testimony,

2

particularly because he was able to provide his version of the relevant events in his sentencing papers and during sentencing.") (citing Fed. R. Crim. P 17(b)); *United States v. Smith*, 924 F.2d 889, 896 (9th Cir. 1991).

For all these reasons, defendant's Rule 17(b) request is inadequately supported and is DENIED.

IT IS SO ORDERED.

Dated:    May 4, 2026                                    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE