UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-cr-0268 JAM |
| Plaintiff, | |
| v. | ORDER |
| ANTHONY SILVA, | |
| Defendant. | |

Defendant Anthony Silva, who proceeds pro se with the assistance of standby counsel, has submitted four ex parte applications for subpoenas duces tecum under Fed. R. Crim P. 17(c). This is Defendant's fourth set of Rule 17(c) requests. *See* 4/17/2026 Order (ECF No. 72); 4/28/2026 Order (ECF No. 118); 5/4/2026 Order (ECF No. 144). For the reasons stated below, Defendant's request is denied.

I.      **BACKGROUND**

Defendant, charged with bank fraud and aggravated identify theft, continues to seek subpoenas targeted at proving his theory that Kalvin Morales and Maximo Guillermo are confidential informants for the government and are partially responsible for the criminal conduct with which he is charged. *See* Def. Motion to Compel Production of Informants for Evidentiary Hearing and Trial (ECF No. 58). He has also stated numerous times that this prosecution stems from his previous prosecution in the District of New

1

Hampshire. The government, however, has denied that it has any information concerning these two individuals, that neither "played any role whatsoever leading to the charges in the indictment," and that they "are not currently contemplated as witnesses." Govt Opp'n to Motion for Discovery (ECF No. 34).

On April 17, 2026, Magistrate Judge Allison Claire denied Defendant's Rule 17(c) request for seven ex parte applications for subpoenas duces tecum directed at five executive branch agencies or offices (the Drug Enforcement Agency, Federal Bureau of Investigation (FBI), United States Postal Inspection Service (USPIS), Secret Service, and the U.S. Attorney's Office for the District of New Hampshire), the New Hampshire Department of State, and Citizens Bank. (ECF No. 72.) On April 28, 2026, Magistrate Judge Jeremy Peterson denied Defendant's Rule 17(c) request for five ex parte applications for subpoenas duces tecum to the FBI, United States Attorney's Office for the District of New Hampshire, USPIS, the Vermont Department of Labor, and Citizens Bank, and Defendant's Rule 17(b) request for twelve ex parte applications for witness subpoenas. (ECF No. 118.) On May 4, 2026, Judge Peterson denied Defendant's Rule 17(b) request for an ex parte application for a witness subpoena. (ECF No. 144.)

Pending before the Court is Defendant's Rule 17(c) request submitted on May 15, 2026 for four ex parte applications for subpoenas duces tecum.

## II.    EX PARTE STATUS AND REQUESTS FOR SEALING

Defendant has submitted his requests ex parte and asks that they be maintained under seal. Rule 17(c) contemplates proceeding ex parte with such applications upon a showing that disclosure would necessarily reveal defense strategy. *See United States v. Tomison*, 969 F. Supp. 587, 591 n.8 (E.D. Cal. 1997). There is no need for such confidentiality, however, where the prosecution is already aware of the defense theory to which the requests relate. *See United States v. Smith*, 2020 WL 5763841, at *1 (E.D. Cal. Sept. 28, 2020); *United States v. Rucks*, 2022 WL 3141880 (E.D. Cal. Aug. 5, 2022).

Similar to Defendant's prior Rule 17(c) requests, the requests at issue here are

related to Defendant's theory that Morales and Guillermo worked as confidential informants and are partially responsible for the criminal conduct with which he is charged. Defendant's belief that these individuals acted as informants, and his desire for evidence of their relationship with law enforcement, has been the subject of multiple motions. *See, e.g.,* Def. Motion to Compel Production of Informants for Evidentiary Hearing and Trial (ECF No. 58); Def. Motion to Produce Grand Jury Transcripts (ECF No. 22). Because the government is well aware of Defendant's theory, no confidential defense strategy is revealed by these requests.

Accordingly, the request for filing under seal is DENIED IN PART as to the proposed subpoenas and supporting memoranda.[1]

Defendant also attached five exhibits to his subpoena requests. In an abundance of caution, because there is an Amended Protective Order is in place (ECF No. 43), the Court GRANTS IN PART the request to seal as to Exhibits A, B, C, and D. The Court DENIES IN PART the request to seal as to Exhibit E, which is a public court filing from Silva's District of New Hampshire civil case, *Silva v. United States*, No. 25-cv-169-SE (D.N.H. May 13, 2025) (ECF No. 9), the government's Consolidated Objection to Silva's "(1) § 2255 motion, (2) motion for evidentiary hearing, (3) motion to appear at evidentiary hearing, (4) motion to compel production, (5) motion to conduct discovery, and (6) motion for recusal."

The proposed subpoenas, supporting memoranda, and Exhibit E are attached to this order. The Clerk's Office is directed to file Exhibits A, B, C, and D under seal.

## III.    Requests for Subpoenas Duces Tecum

Defendant seeks subpoenas duces tecum directed to (1) Citizens Bank; (2) the FBI Office of the General Counsel for the Washington, D.C. office; (3) the FBI Office of the General Counsel for the Eastern District of California field office in Sacramento; and (4) the FBI Office of the General Counsel for the Boston, Massachusetts field office.

---

[1]  Defendant's three prior requests to seal his Rule 17 applications were all denied. *See* 4/17/2026 Order; 4/28/2026 Order; 5/4/2026 Order.

Defendant seeks production on an expedited basis, within 72 hours of service.

Federal Rule of Criminal Procedure 17(c) requires a showing of relevancy, admissibility, and specificity to support the issuance of a subpoena duces tecum. *United States v. Nixon*, 418 U.S. 683, 700 (1974); *United States v. Komisaruk*, 885 F.2d 490, 495 (9th Cir. 1989). A Rule 17(c) subpoena is "not intended to provide a means of discovery for criminal cases." *United States v. George*, 883 F.2d 1407, 1418 (9th Cir. 1989) (quoting United States v. Nixon, 418 U.S. at 698)). Thus, there must be a substantial foundation for the movant's belief that the requested material exists and will be relevant and admissible. *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984). To satisfy the specificity requirement, the movant must request specific documents or items and not entire categories of materials since Rule 17(c) was not intended to "allow a blind fishing expedition seeking unknown evidence." *Id*. (quoting *United States v. McKey*, 647 F.2d 898, 901 (1981)).

This is Defendant's third request for Rule 17(c) subpoenas duces tecum directed to Citizens Bank and the FBI. *See* 4/17/2026 Order; 4/28/2026 Order. His prior two requests were denied. While there are some differences, this third request for Citizens Bank and the FBA again seeks documents or materials that would provide evidentiary support for Defendant's theory that Morales and Guillermo worked as confidential informants. Judges Claire and Peterson previously denied similar subpoenas requested by Defendant. *See* 4/17/2026 Order; 4/28/2026 Order. Judge Claire found that "defendant has no factual basis for a belief that any particular agency or entity has responsive materials." 4/17/2026 Order at 3. She further found that "defendant had not shown that any of the entities had responsive materials or that the materials he sought were undiscoverable via Rule 16—and that he had failed to identify 'with sufficient clarity and specificity the relevance and admissibility of the materials sought.'" 4/28/2026 Order at 3 (quoting 4/17/2026 Order at 2-3). Judge Peterson similarly denied Defendant's Rule 17(c) requests to the FBI, Citizens Bank, and other federal and non-federal entities, concluding Defendant failed to meet his burden. 4/28/2026 Order.

4

Rule 17 is not intended as a discovery tool or a means to bypass the discovery process. *See Nixon*, 418 U.S. at 698. It is a way for a defendant to obtain "specific, identifiable evidence for trial," with leave of court. *United States v. Ruedlinger,* 172 F.R.D. 453, 455 (D. Kan. 1997) (quoting *United States v. Jackson*, 155 F.R.D. 664, 667 (D. Kan. 1994)). The party seeking the subpoena must show "(1) relevancy; (2) admissibility; (3) specificity." *Nixon*, 418 U.S. at 700. To meet this burden, the party must show a "sufficient likelihood" that the documents sought are "relevant to the offenses charged in the indictment" and make a "sufficient preliminary showing that [the material] contains evidence admissible with respect to the offenses charged." *Id*. The specificity requirement prevents a Rule 17(c) subpoena from being used as a "fishing expedition to see what may turn up." *Bowman Dairy Co. v. United States,* 341 U.S. 214, 221 (1951).

Defendant has failed to meet his burden. "He has not made a sufficient showing that the discovery he seeks exists or that it will be admissible at trial. The government has repeatedly stated that it does not have information concerning these two individuals and it has not relied on them for defendant's prosecution. It appears that these subpoenas, targeted at information concerning the alleged confidential informants and the New Hampshire prosecution is more of an effort by defendant to 'see what may turn up.'" 4/28/2026 Order at 4 (quoting *Bowman Dairy Co.*, 341 U.S. at 221). Further, Defendant has not sufficiently shown the relevance of the materials sought. *See Nixon*, 418 U.S. at 700.

For all these reasons, the Rule 17(c) requests are inadequately supported. The applications are accordingly DENIED. **Defendant is cautioned against submitting duplicative or substantially similar Rule 17(c) requests. If Defendant submits any additional Rule 17 requests, Defendant is ordered to clearly identify in a cover memorandum exactly what is different in subsequent Rule 17 requests from his prior Rule 17 requests and to identify the determination of the prior Rule 17 requests.**

5

**IV.    CONCLUSION**

In conclusion, IT IS HEREBY ORDERED that:

1.    Defendant's request to file under seal his four ex parte applications for subpoenas duces tecum under Rule 17(c) is DENIED IN PART and GRANTED IN PART. The proposed subpoenas, supporting memoranda, and Exhibit E are attached to this order, and will not be filed under seal. The Clerk's Office is directed to file Exhibits A, B, C, and D under seal.

2.    Defendant's four ex parte applications for subpoenas duces tecum under Rule 17(c) are DENIED.

Dated:  May 18, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/silv.25.cr.0268.rule17c