ERIC GRANT
United States Attorney
NCHEKUBE ONYIMA
Special Assistant United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY SILVA,<br><br>Defendant. | CASE NO. 2:25-cr-00268-JAM<br><br>**STIPULATION AND ORDER RESETTING JURY TRIAL, TRIAL CONFIRMATION HEARING, AND EXCLUDING TIME**<br><br>DATE: January 11, 2027<br>TIME: 9:00 a.m.<br>COURT: Hon. John A. Mendez |

Plaintiff United States of America, by and through its counsel of record, and defendant Anthony Silva, by and through his counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for trial on January 11, 2027, with a trial confirmation hearing set for December 1, 2026. By this stipulation, the defendant now moves to continue the trial until August 30, 2027, and to exclude time between January 11, 2027, and August 30, 2027, under Local Code T4.

2. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case includes more than 70,000 pages, consisting primarily of complex financial documentation as well as images captured from numerous locations during law enforcement's investigation. The discovery associated with this case also includes forensic electronic evidence derived from

search warrants executed on various electronic and digital containers. A completely redacted copy of this discovery has been produced directly to the defendant himself under a protective order as well as to the defendant's counsel (when he was acting as standby counsel prior to his appointment as full defense counsel). A complete and unredacted copy of discovery was also previously made available for defense counsel to inspect and copy.

b) Additionally, the parties met and conferred about various discovery issues last week. As a result of that meet-and-confer session, the government recently produced unredacted versions of all previously marked trial exhibits to defense counsel so that the defendant may review it with his counsel. This new discovery production consists of approximately 650 megabytes of data.

c) Counsel for the defendant desires additional time to review this voluminous amount of discovery, conduct an independent investigation into various aspects of the government's anticipated trial case, and otherwise prepare for trial. Given that some of the anticipated trial evidence derives from New Hampshire and that the defendant is currently housed in a pretrial detention facility in Taft, California, defense counsel's trial preparation process is taking longer than defense counsel anticipated when the Court previously reset trial for January 11, 2027.

d) Counsel for the defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e) Additionally, the defendant continues to pursue litigation under 28 U.S.C. § 2255 seeking to vacate his fraud convictions previously entered by a federal district court sitting in New Hampshire. The district court presiding over that litigation recently entered an order indicating an intent to schedule an evidentiary hearing on Silva's § 2255 claims within approximately three months. Endorsed Order, *Silva v. United States*, No. 1:25-cv-00169-JL-AJ (D.N.H. Nov. 3, 2026). As the Court is no doubt aware, Silva believes that various aspects of his § 2255 claims in New Hampshire are relevant and material to the instant criminal prosecution. Hence, the parties believe that providing additional time for the New Hampshire district court to

address and resolve Silva's § 2255 claims there could focus and simplify the issues (and associated pretrial litigation) in the instant case.

f) The government does not object to the continuance.

g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 11, 2027, to August 30, 2027, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at the defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3. Nothing in this stipulation and proposed order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: November 16, 2026

ERIC GRANT
United States Attorney

/s/ SAM STEFANKI
NCHEKUBE ONYIMA
Special Assistant United States Attorney
SAM STEFANKI
Assistant United States Attorney

Dated: November 16, 2026

/s/ MICHAEL D. LONG
MICHAEL D. LONG
Counsel for Defendant
ANTHONY SILVA

ERIC GRANT
United States Attorney
NCHEKUBE ONYIMA
Special Assistant United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY SILVA,<br><br>Defendant. | CASE NO. 2:25-cr-00268-JAM<br><br>**ORDER RESETTING JURY TRIAL, TRIAL CONFIRMATION HEARING, AND EXCLUDING TIME** |

The Court has read and considered the Stipulation Regarding Trial Setting and Excludable Time Periods Under Speedy Trial Act, filed by the parties in this matter on November 16, 2026. Based on the parties' stipulation, which the Court incorporates by reference, the Court hereby FINDS and ORDERS as follows:

1. The jury trial set to begin on January 11, 2027, is **VACATED**.

2. The trial confirmation hearing presently set for December 1, 2026, is **VACATED**.

3. The date for **trial** to commence is **RESET** to **August 30, 2027, at 9:00 a.m.**

4. The parties shall appear for a **trial confirmation hearing** on **July 13, 2027, at 9:00 a.m.**

5. For the reasons set forth in the parties' stipulation, the ends of justice served by continuing this case as requested and ordered above outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

6. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 11, 2027, to August 30, 2027, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at the defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

**IT IS SO ORDERED**.

Dated: November 19, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE